UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

GENERAL ELECTRIC CAPITAL
CORPORATION, et al.,

                                  Plaintiffs,

                         -against-

NEBRASKA INVESTMENT FINANCE
AUTHORITY,

                                  Defendant.
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/18

15 Civ. 1069 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiffs GE Funding Capital Market Services, Inc. and Trinity Funding Company, LLC (collectively, "GE") bring this action against Defendant Nebraska Investment Finance Authority ("NIFA") seeking declaratory relief and money damages arising from NIFA's alleged breach of several investment agreements (the "Investment Agreements"). Each of the Investment Agreements was established in connection with a certain series of bonds issued by NIFA and obligated GE to pay a fixed interest rate to NIFA on amounts under deposit. The present dispute turns on whether NIFA was entitled to interest payments following redemption of the bonds. A trial was held in which the jury reached a verdict for GE, finding that for each Investment Agreement, the redemption of the listed bond series terminated GE's obligation to pay NIFA interest; that for three of the bond series, NIFA invested more than was permitted; and that NIFA owed GE $27,768,773. By Order dated November 17, 2017, GE was awarded $11,510,546 in prejudgment interest on the verdict amount. NIFA moves for reconsideration of the prejudgment interest award under Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e). For the following reasons, NIFA's motion is denied.

Familiarity with the underlying facts and procedural history of this motion is assumed.

## I. LEGAL STANDARD

The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The Court gives full consideration to NIFA's motion because GE was awarded statutory prejudgment interest before NIFA had an opportunity to submit a response to GE's letter requesting that relief. *See, e.g.*, *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 50 (2d Cir. 2009) ("Due process requires that before state actors deprive a person of her property, they offer her a meaningful opportunity to be heard.").

The parties agree that the choice of law provision in the Investment Agreements requires application of New York law to the entire action. *See, e.g.*, *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) ("The parties' briefs assume that New York substantive law governs the issues . . . presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law.").

## II. DISCUSSION

NIFA's motion is denied because GE is entitled to prejudgment interest. The New York prejudgment interest statute states, "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . ." CPLR § 5001(a). "Interest shall be at the rate of nine per centum per annum." CPLR § 5004. In general, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." *U.S. Naval Inst. v.*

*Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991); *see also Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 108 F. Supp. 3d 52, 57 (E.D.N.Y. 2015), *aff'd*, 646 F. App'x 25 (2d Cir. 2016). "New York law does not permit the trial court to exercise any discretion where a party is entitled to such interest as a matter of right." *E.J. Brooks Co. v. Cambridge Sec. Seals*, 858 F.3d 744, 750 (2d Cir. 2017).

The monetary component of the jury verdict was "a sum awarded because of a breach of performance of a contract." CPLR § 5001(a). GE's only damages claims to survive NIFA's motion for judgment on the pleadings were for breach of contract, and the key issue for the jury to decide was "whose interpretation of the investment agreement[s] is correct." Because the jury accepted GE's interpretation, GE prevailed on the breach of contract claims as a matter of law. Based on the unambiguous language of the statute, GE is entitled to prejudgment interest.

NIFA does not dispute that the verdict was "a sum awarded because of a breach of performance of a contract." CPLR § 5001(a). Instead, NIFA asserts that GE should not receive prejudgment interest because such an award would impermissibly result in a windfall for GE. NIFA argues that because the interest payments GE made to it were reinvested in the accounts in question, GE never lost access to the money and was thus able to invest it and earn from it. Thus, according to NIFA, awarding GE prejudgment interest, which is essentially compensation for the lost time value of money, would lead to a double recovery for GE.

The New York Court of Appeals has not ruled on whether prejudgment interest can be denied where a party would otherwise be entitled to it because such an award would result in a windfall for the party. The Second Circuit recently certified the question to the New York high

court, which is currently considering the issue. *See E.J. Brooks Co.*, 858 F.3d at 751, *certified question accepted*, 78 N.E.3d 1191 (June 27, 2017).[1]

This Court need not reach the issue because awarding GE prejudgment interest will not result in a windfall. As NIFA acknowledges, GE offset its earnings from using NIFA's funds against the damages calculation GE presented to the jury. As GE's damages expert Mr. Jackson explained, the offset "look[ed] at what GE actually did with the money and what it benefited from the use of that money during the post-redemption period."[2] Thus, any use GE may have had from holding NIFA's principal deposits and interest payments was excluded from the damages figure GE proffered and the jury accepted. Awarding prejudgment interest will not lead to double recovery.

Finally, NIFA argues that the offset calculation "does not eliminate the windfall" because "GE earned those amounts, solely from its use of NIFA's funds, at no risk to itself." This argument is incorrect. The funds in the investment accounts, including any reinvested interest, were liabilities on GE's balance sheet for which GE was answerable (and had to set aside capital) regardless of the performance of any investment GE made with those funds. GE bore the risk of any loss from those investments, as its liability to NIFA was fixed by its contractual obligation to return NIFA's money upon request and pay NIFA a fixed amount of interest.

---

[1] "In a case in which the damages awarded are not clearly compensatory under New York law, we find it hard to square the mandatory language of section 5001 with the import of the New York [appellate division] decisions . . . that suggest that prejudgment interest under the statute is not mandatory where a windfall is the likely result. Here, too, we think that resolving whatever tension exists between the statutory language of section 5001(a), the New York State court decisions, and the propriety of avoided costs as a measure of damages is better left to the New York Court of Appeals."

[2] The prejudgment interest award primarily compensates GE for the time value of the interest payments GE made to NIFA after NIFA redeemed each series of bonds. The award also compensates GE for interest payments GE made to NIFA due to NIFA's overfunding of certain accounts. Mr. Jackson's analysis accounts for both.

## III.  CONCLUSION

For the foregoing reasons, NIFA's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 183.

Dated: March 28, 2018
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE